In the Matter of the **ESTATE** of **Edward F. O'NEAL, Deceased.**

**Helen Thacker BRUNS, Appellant,**

v.

**L. E. O'NEAL, Administrator c. t. a. of the Estate of Edward F. O'Neal, Deceased, Respondent.**

**No. 33759.**

St. Louis Court of Appeals, Missouri.

May 25, 1971.

William G. Phillips, St. Louis, for appellant.

William B. Kelleher, St. Louis, Robert E. Morley, O'Fallon, for respondent.

SMITH, Commissioner.

Appellant, Helen Thacker Bruns, appeals from the judgment of the circuit court affirming a judgment of the probate court, disqualifying her as executrix of the will of her father and appointing her brother, L. E. O'Neal, as administrator, c. t. a.

Decedent died on December 30, 1966, and his will was admitted to probate on February 4, 1967. Appellant was the named executrix of the will; L. E. O'Neal, Diane Sacks, a granddaughter of decedent, and appellant were the legatees and devisees under the will. Nothing further was done until June 28, 1967, when L. E. O'Neal filed his application for letters tes-

tamentary under Section 473.020 (all statutory references are to RSMo and V.A.M.S.) praying appointment as administrator c. t. a. That application alleged the failure of appellant to seek letters testamentary as executrix and a conflict of interest with the heirs and legatees of the estate. The application was on the same day set for hearing on August 4, 1967, and thereafter continued. On September 8, 1967, appellant filed her application for letters testamentary and for her appointment as executrix. On November 7, 1967, the probate court considered both applications and found appellant "is disqualified for such appointment, and, therefore appoints L. E. O'Neal as administrator cum testamento annexo of the estate. * * * " L. E. O'Neal's application had included a written waiver by Diane Sacks. Following denial of appellant's motion for rehearing and motion to revoke appointment of administrator appellant appealed to the circuit court which after hearing affirmed the judgment of the probate court.

Appellant raises only one question here. She contends that the orders of the probate court and the circuit court were erroneous because the hearing on L. E. O'Neal's application was not set for hearing within fifteen days after filing as prescribed in § 473.020. We need not reach the briefed questions of whether "within fifteen days" refers to the time during which a setting must be made or refers to the maximum time after filing of the hearing date. Nor do we reach the additional question of whether the failure to comply with the fifteen day limitation divests the court of jurisdiction to grant the application.

Section 473.110 provides that if the court finds the executor(s) named in the will to be "incompetent, unsuitable or improper or are disqualified or fail to apply, letters shall be granted to some other qualified person." The probate court did not sustain the application of L. E. O'Neal; it rejected that of appellant upon a finding of disqualification. No question is raised here of the determination by both probate and circuit courts that appellant was "disqualified." Appellant having been disqualified, and there being no spouse of the decedent, the statute then requires that letters of administration be granted to "one or more of those entitled to distribution of the estate" if qualified. Again no question is raised here of the determination that L. E. O'Neal was qualified. There were only three people entitled to distribution of the estate. Appellant was disqualified, and Diane Sacks had waived her rights. L. E. O'Neal was found qualified and his appointment was mandatory. Linder v. Burns, Mo.App., 243 S.W. 361; In re Graves' Estate, Mo.App., 73 S.W.2d 844.

Whatever might be the merit of appellant's position had the courts below been confronted only with the O'Neal application, that is not the case. Their determination was premised upon the failure of appellant to establish her qualification under *her* application to which the fifteen day rule did not apply. Having found appellant disqualified the appointment of O'Neal was proper under § 473.110.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not sitting.